Farris vs. State, Use of Sawyer.

## FARRIS VS. STATE, USE OF SAWYER.

1. ATTACHMENT: *Duty of Officer.*
   It is the duty of an officer who seizes property under attachment to retain control of it, so he may return it, if required.
2. ————: *Exemption, Supersedeas, etc.*
   The fact that a Justice of the Peace was directed by a writ of mandamus, issued from the Circuit Court, to issue to the Constable a supersedeas against the sale of property seized under attachment, and claimed by the defendant as exempt, did not authorize the Constable to restore the property before the supersedeas was in fact issued.
3. PLEADING: *Judgment on defective complaint:*
   Trial and verdict for plaintiff, judgment reversed because the complaint shows no cause of action.

APPEAL frm *Lonoke* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.
*Hallum*, for Appellant.
*Trimble* and *Chapline*, contra.

HARRISON, J. :

This was an action by the State for the use of R. L. Sawyer against N. J. Farris and his securities, W. E. Dempsey and W. Harris, on the bond of said Farris as Constable of Lonoke Township.

The breach complained of, was the failure of said Constable to deliver up or restore to said Sawyer, a horse seized under an attachment against him, after the filing by him with the Justice of a schedule of his property, including the horse, which he claimed to be exempt from sale under the execution.

Farris, only, made any defense. He filed an answer which denied none of the allegations of the complaint and set up no other defense than that the horse was placed by him in a livery stable, and that the expense of his keeping not being paid, he was sold therefor by the keeper of the stable, and it was, consequently, impossible for him to return him.

To this answer a demurrer was sustained ; and although he filed an amended answer, and the sufficiency of such defense is not before us, we deem it not inappropriate to remark, that it was clearly the duty of the Constable so to have kept the property attached, that he could return it, if its return was required If he saw fit to keep the horse at the livery stable he should, himself, have paid for his keeping. The statute is plain : "The Sheriff, Constable, or other officer, shall safely keep all property, taken or seized under legal process and shall be allowed by the court the necessary expense of doing so, to be paid by the plaintiff and taxed in the costs." Sec. 2,851 Gantt's Digest.

In his amended answer, he answered that he offered to return the horse to Sawyer, but he refused to go to the stable to receive him, and he denied that he ever refused to return him.

The jury returned a verdict for the plaintiff, and assessed the damages at $190, for which judgment was entered.

All the defendants appealed.

The appellants insist that no cause of action is shown by the complaint.

The complaint, which is very loosely drawn, and defective in its averments, alleges that the Justice of the Peace was directed by a mandamus from the Circuit Court to issue to the Constable a supersedeas against the sale of the horse, but does not allege or show that such supersedeas was in fact issued. Until the supersedeas was issued, it was the duty of the Constable to keep, and retain possession of the horse, and there could be, before then, no breach of the condition of his bond by the request to return or the non-delivery of him.

The averment that the supersedeas was in fact issued, is therefore, a material one, and its omission fatal to the action.

The judgment is reversed and the cause remanded to the Court below, with instructions, to permit the plaintiff, if so advised, to amend his complaint, and for further proceedings.